IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONYA MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-00578-DGK |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's decision denying Plaintiff Tonya Murray's application for supplemental security income under Title II of the Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including bipolar disorder and anxiety disorder (not otherwise specified). She also found Plaintiff had the residual functional capacity ("RFC") to perform work in the national economy.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for benefits on September 23, 2016, alleging a disability-onset date of May 1, 2012, a date which as later amended to November 14, 2014. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to

an ALJ. The ALJ held a hearing and, on September 6, 2018, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on May 20, 2019, leaving the ALJ's decision as the Commissioner's final decision. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes his past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a

determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).  Plaintiff argues the RFC crafted at step four is not supported by substantial evidence because the ALJ erred by (1) affording "partial weight" to Plaintiff's treating physician, Innocent Anya, M.D.; (2) affording the state psychological consultative examiner, C. William Breckenridge, PsyD., "significant weight and (3) discrediting Plaintiff's subjective complaints.  These arguments are unavailing.

### I.     The ALJ did not err in affording only "partial weight" to Dr. Anya.

Plaintiff first argues that the ALJ's erred by affording only "partial weight" to Dr. Anya and by failing to adequately explain this decision (Doc. 5 at 9–10).  When supported by medically accepted diagnostic techniques and if consistent with the record, an ALJ should afford a treating physician controlling weight.  *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015) (citation omitted); 20 C.F.R. § 404.1527(c).  But when these requirements for controlling weight are not met, the ALJ must consider the length of the treating relationship and frequency of examination, the nature and extent of the relationship, the degree to which the treating physician's opinion is supported by relevant evidence, the consistency between the treating physician's opinion and the record, whether the treating physician is a specialist in the area of treatment, and any other factors that support or contradict the opinion.  § 404.1527(c).

The ALJ afforded Dr. Anya's opinion only "partial weight."  R. at 24.  In doing so, she found his medical opinions to be "disproportionate to the documented evidence, including the numerous grossly normal mental status examinations . . . ."  *Id.*  Indeed, on numerous occasions,

---

determination of disabled or not disabled can be made at any step."  *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g).  Through step four of the analysis the claimant bears the burden to show she is disabled.  After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

Dr. Anya found Plaintiff to be well groomed and dressed appropriately for the weather, not manic, with a "goal directed flow of thought." *Id.* at 417, 419–20. These observations were similarly made by her other treating doctors. *See, e.g.*, *id.* at 320, 341, 363. Moreover, Dr. Anya's opinion was inconsistent with Plaintiff's work history and her activities of daily living, as discussed further below. Because Dr. Anya's opinion is inconsistent with the record as a whole, the ALJ was not required to afford it controlling weight.

Finally, contrary to Plaintiff's argument, the ALJ discussed why she afforded Dr. Anya's opinion only partial weight. She noted the short duration of the relationship (seven months), the infrequent number of examinations (four), the lack of support in the record for Dr. Anya's opinion. *See* § 404.1527(c)(2)–(6) (listing factors to consider regarding a treating physician). She also discussed Dr. Anya's lack of expertise regarding the issues he opined on, including missing three workdays per month and being off task up to fifteen percent of the workday. R. at 24. Thus, the Court finds the ALJ adequately explains why she only afforded Dr. Anya's opinion partial weight.

**II. The ALJ did not err in affording "significant weight to Dr. Breckenridge's opinion.**

Plaintiff also argues the ALJ should not have afforded the state psychological consultative examiner, C. William Breckenridge, PsyD., "significant weight" (Doc. 5 at 9). She claims the ALJ's reliance on his opinion does not constitute substantial evidence to support her RFC. When a non-treating source provides an opinion better supported by the record, it is not error to rely on the non-treating opinion over the opinion of a treating source. *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) (citations omitted).

The ALJ afforded "[s]ignificant weight" to the opinion of Dr. Breckenridge, despite his status as a non-treating physician. R. at 24. Dr. Breckenridge performed a mental examination on Plaintiff and found that while she did suffer from bipolar disorder and attention deficit

hyperactivity disorder, both were in partial remission and were being treated effectively with medication. *Id*. at 24, 359–60. Dr. Breckenridge also noted that Plaintiff was able to care for her children and household and that she was "nicely dressed . . . [her] grooming and hygiene appeared to be fine . . . [and] mood appeared to be stable and euthymic." *Id.* at 358. These findings conform to the record as a whole, and thus, the ALJ appropriately afforded significant weight to his opinion.

The ALJ did not err in her consideration of Dr. Breckenridge's medical opinion, and the RFC is supported by substantial evidence.

### III. The ALJ's consideration of Plaintiff's subjective reports was proper.

Finally, Plaintiff argues the ALJ failed to properly consider her subjective reports. She also argues the ALJ failed to clearly state what evidence she relied on in making this determination. When considering a claimant's subjective symptoms, an ALJ should consider the claimant's daily activities; the nature, duration, frequency, and adequacy of her symptoms; any precipitating or aggravating factors; and medication or other measures to relieve pain and symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

In making her findings, the ALJ considered Plaintiff's reports that taking steps relating to setting boundaries with her family and taking prescription medication improved her symptoms, as well as Plaintiff's own failure to continue mental health treatment. R. at 22–23. These reports led the ALJ to conclude that "the severity of mental condition purported by the claimant" is not consistent with "the relatively benign objective evidence . . . ." *Id*. at 23. For example, her treatment records routinely reported that she was alert, oriented, cooperative, and pleasant, and that her anxiety was routinely related to family stressors. *Id*. at 317–325, 341, 346, 349–50, 358–59, 417–424.

The ALJ also found Plaintiff's daily activities did not support her allegations of disability. *Id.* at 23. Plaintiff testified that she and her husband were the primary caretakers of an eleven-year-old daughter and fifteen-year-old son and drove them to and from school every day. *Id*. at 45, 47. She also testified that she did the household laundry daily, prepared dinner, and took at least forty-five minutes for daily crafts, like painting or baking. *Id*. at 60. Moreover, Plaintiff testified that she was able to follow a schedule during the day. *Id*. at 58–59. The ALJ noted that Plaintiff's "inconsistencies [in her testimony] suggest that the information provided by the claimant generally may not be entirely reliable, which diminishes her persuasiveness." *Id*. at 23.

Nevertheless, Plaintiff contends the ALJ failed to consider Plaintiff's inability to sustain activities over a period of time, including her need for a support system to care for her children and home on bad days, her ability to only watch her son's soccer games from the car, and disruptive interactions at a store, restaurant, and with neighbors (Doc. 5 at 17). But the issue is not whether there is evidence supporting Plaintiff's view of the evidence. It is whether there is substantial evidence supporting the ALJ's determination that Plaintiff is not disabled.

Here, a reasonable mind would find enough evidence to support the ALJ's decision. Accordingly, the ALJ's consideration of Plaintiff's subjective complaints is supported by substantial evidence.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   September 8, 2020              /s/ Greg Kays
                                                          GREG KAYS, JUDGE
                                                          UNITED STATES DISTRICT COURT